IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS LEE FROWNFELTER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br><br><br>Case No. 2:08-CR-808 TS |

This matter is before the Court on Defendant's Motion for Release Pending Appeal. Defendant pleaded guilty to one count—Count 11—of Theft of Government Funds in violation of 18 U.S.C. § 641. He was sentenced to one year and one day.

Defendant was on pretrial release during these proceedings. At sentencing, the Court ordered that he be allowed to self surrender.

Defendant makes his Motion pursuant to 18 U.S.C. § 3143(b)(1). That statute states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

1

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The government concedes that Defendant is not likely to flee and does not pose a danger to the safety of any other person or the community. It does contend, however, that his appeal does not raise a substantial question of law or fact likely to result in reversal and that the appeal is for the purposes of delay. Thus, the first issue before the Court is whether Defendant's appeal raises a substantial question of law or fact.

The Tenth Circuit has defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way."[1] The mere fact that a question has not been decided in this circuit does not create a substantial question where there is "no real

---

[1] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quotation marks and citations omitted).

reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits."[2]  "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis . . . ."[3]

Defendant argues that his appeal raises two issues of law or fact likely to result in reversal or an order for a new trial.  First, that he was convicted of a misdemeanor rather than a felony.  Second, whether he breached the plea agreement and was, therefore, appropriately denied acceptance of responsibility.  The Court will address each in turn.

Defendant first argues that he will prevail on appeal on his position that by his plea he was convicted of a misdemeanor and not a felony.  Defendant was charged with eleven counts of Theft of Government Funds.  Pursuant to his plea agreement, he agreed to plead guilty to one count and to have the other ten counts dismissed.   At his change of plea hearing and in his Statement by Defendant in Advance of Plea of Guilty, Defendant was informed of the maximum possible penalty for a felony conviction of Theft of Government funds under 18 U.S.C. § 641, the elements that the government would have to prove, including that the value of the funds was greater than $1,000.  In the factual statement in his Statement in Advance of Plea Defendant admitted, among other things, that he "obtained $24,596.00 in federal funds to which he was not lawfully entitled."[4]

---

[2]*Id*. (quotation marks and citations omitted).

[3]*Id*.

[4]Docket No. 31, at 3 ¶ 10.

However, at sentencing, Defendant argued that because he pleaded to only one count of Theft of Government Funds under 18 U.S.C. § 641, and that count involved a check of $559, combining the amount from his offense of conviction (Count 11 only) does not combine in the aggregate to be over $1,000 as required under the statute for a felony offense.

>Section 641 provides as follows:
>
>>Whoever ... knowingly converts to his use or the use of another ... any record ... or thing of value of the United States or of any department or agency thereof ...; or
>>
>>Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been ... converted-
>>
>>Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the <u>aggregate, combining amounts from all the counts for which the defendant is convicted in a single case</u>, does not exceed the sum of $1,000, he shall be fined under this title or <u>imprisoned not more than one year</u>, or both.
>>
>>The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.[5]

Thus, section 641 contains both the felony and misdemeanor offenses—the difference is the aggregate amounts of the counts for which Defendant is convicted. Defendant relied on *United States v. Hathaway*,[6] in asking to be sentenced to a misdemeanor. *Hathaway* involved an assault statute that, like § 641, contained both

---

[5] 18 U.S.C. §641 (emphasis added).

[6] 318 F.3d 1001 (10th Cir. 2003).

misdemeanor and felony offenses. In *Hathaway*, the Tenth Circuit found that the Indictment had been deficient and only stated the elements of a misdemeanor and not a felony assault. Accordingly, it held that the district court should have viewed the defendant's conviction as one for a misdemeanor and remanded so that the defendant's records could be corrected to reflect his conviction for a misdemeanor under the statute.[7]

Defendant also cited the result in the case *United States v. Ama*,[8] a sentencing held in this district in July 2009. *Ama*, like *Hathaway*, was a case under an assault statute. However, *Ama* is not helpful because in that case the government eventually stipulated that the offense was a misdemeanor and, therefore, there is no written order on the issue.

The government opposed Defendant's request. It relied on information incorporated into Count 11 from the Indictment's introductory paragraphs to establish Defendant was properly charged under the felony amount.

The Indictment provides in its Introduction as follows:

> 9. . . . From February 2002 to October 2006, the DCFS <u>paid the defendant a total of approximately $24,569.00</u> in adoption subsidy payments.

The Indictment then incorporated that statement at Paragraph 9 of the Introduction into the Counts as follows:

Counts 1 through 11
18 U.S.C. section 641
(Theft of Government Funds)

---

[7] *Id.* at 1010.

[8] 2:08-CR-629 (D. Utah).

* * *

11. The Grand Jury by reference, incorporates allegations 1 through 10 as if fully stated herein.

12. From in or around February 2003 to in or around October 2006, in the Central Division of the District of Utah,

> Douglas Lee Frownfelter,

defendant herein, did willfully and knowingly . . . convert to his own use money of the United States, and . . . . [HHS] with <u>the value of such money, in the aggregate, exceeding $1,000.00</u> in that defendant Frownfelter failed to notify DCFS during the above period that R.F. no longer lived with him and that he no longer provided financial support for R.F., <u>resulting in the following adoption subsidy payments, among others, from the DCFS to defendant Frownfelter to which he was not entitled.</u>:

* * *

| Count | Date of Adoption Subsidy Payment (on or about) | Amount of Payment |
|---|---|---|
| * * * | | |
| 11. | 10/2/06 | $559.00 |

All in violation of 18 U.S.C. section 641.[9]

Federal Rule of Criminal Procedure 7(c)(1) on Indictments expressly provides that "a count may expressly incorporate by reference an allegation made in another *count*." Although Rule 7(c)(1) does not also specifically permit an Indictment's *introduction* to be incorporated into subsequent counts, the Rule does not prohibit it, and case law[10] has

---

[9] Docket No. 1 (emphasis added).

[10] *United States v. Vanderpool*, 528 F.2d 1205, 1206-07 (4th Cir. 1975) (if an introduction more fully apprises the defendant of the charges against him or her, it is

6

allowed it. Courts have allowed a factual background section, or an introduction, of an indictment to be incorporated into subsequent counts. For example, in *United States v. McGuire*,[11] the Second Circuit held:

> It is true that allegations in one count of an indictment must be specifically incorporated by reference into other counts, but introductory paragraphs not part of another count and specifically referring to the counts involved are considered part of the numbered counts following them.[12]

The parties provided no Tenth Circuit case law on point, but in dicta in *United States v. Redcorn*,[13] the Tenth Circuit appeared to assume that it was possible for introductory matter of an indictment to be incorporated into one or more of its counts:

> There is no need to look beyond the borders of a particular count to determine what offense is charged; indeed, it is generally improper to do so except where a count incorporates other allegations expressly, as permitted by Federal Rule of Criminal Procedure 7(c)(1). An indictment need not contain introductory or prefatory matter at all, see Fed.R.Crim.P. 7(c)(1), so if it does such matter is perforce superfluous unless expressly incorporated into one of the counts.[14]

Thus, this Court ruled at sentencing that because Count 11 incorporates the amounts set forth in the introductory paragraphs, including that the amounts obtained were $24,569.00 and were in the aggregate over $1,000. Therefore, it found that the "the value

---

properly incorporated in the charged offenses); *United States v. Sattar,* 314 F.Supp.2d 279, 320 (S.D. N.Y. 2004) (same).

[11] 381 F.2d 306 (2nd Cir. 1967).

[12] *Id*. at 319 (citing *United States v. Pearce*, 275 F.2d 318 (7th Cir. 1960)).

[13] 528 F.3d 727 (10th Cir. 2008).

[14] *Id.* at 734.

7

of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case," in this case Count 11, was over $1,000. The Court found that the Indictment was sufficient to allege a felony under section 641 and Defendant knowingly plead guilty to a felony in his Statement in Advance of Plea.

While the Tenth Circuit has not addressed the issue, this alone does not create a substantial question.[15] Rather, this is a situation where there is no reason to believe that the Tenth Circuit would depart from the resolution of this issue by the Second Circuit.[16]

Defendant also contends that the he has shown a substantial question regarding the Court's finding at the sentencing that he breached his plea agreement and the resulting ruling that he was not entitled to an adjustment for acceptance of responsibility. The Court made its ruling based on the facts as presented at the hearing and finds that Defendant has not shown that his appeal raises a substantial question.

It is therefore

ORDERED that Defendant's Motion for Release Pending Appeal (Docket No. 77) is DENIED.

DATED January 7th, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[15] *Affleck*, 765 F.2d at 952.

[16] *Id*.